IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRANVILLE S. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-258-VAC |
| | ) |
| STATE OF CONNECTICUT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Granville S. Watson ("Plaintiff"), who proceeds *pro se*, filed this action on February 28, 2022. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7).

The Complaint invokes the jurisdiction of this Court by reason of a federal question pursuant to 28 U.S.C. § 1331. (D.I. 2) Plaintiff, who now resides in Delaware, alleges that he was wrongfully incarcerated in Connecticut for violation of probation when he was not on probation. Plaintiff was granted a pardon on September 30, 2009. Plaintiff's request for compensation for the wrongful incarceration was denied on January 6, 2022 by the State of Connecticut Claims Commission. He alleges that the State's Attorney, the Manchester Police Department, and Connecticut State Officials are all aware of the wrongful incarceration. Plaintiff alleges the events in Connecticut forced him to move to another state and damaged his reputation and security.

A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. See e.g., *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that the events giving rise to Plaintiff's claims occurred in Manchester, Connecticut and, more particularly, in the United States District Court for the District of Connecticut. Also, Defendants and witnesses are located in Connecticut. Having considered the allegations in the Complaint, the Court finds that the interests of justice favor transferring the action to the United States District Court for the District of Connecticut, where the events underlying the allegations took place and where the witnesses are located.

For these reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the District of Connecticut. Plaintiff's motion for leave to proceed *in forma pauperis* will be denied without prejudice to renew upon transfer to the District of Connecticut. (D.I. 1)

A separate order shall issue.

_____
Chief Judge

April 5, 2022
Wilmington, Delaware